UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CR-20559-SEITZ

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ZAYDAH LECHELLE BARKSDALE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about August 2, 2017, court-appointed defense counsel Adam L. Schwartz ("Counsel") submitted a voucher application numbered 113C.0427074 with appended time sheets requesting $58,012.73 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").[1]

On July 13, 2016, Defendant was originally charged by Criminal Complaint [DE # 1] with importation of a controlled substance and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 952. Defendant was indicted on the same charges on July 26, 2016. [See DE # 8]. Defendant was originally represented by the Office of the Federal Public Defender.

On September 14, 2016, the Office of the Federal Public Defender sought to withdraw from representation of Defendant due to a conflict. The Court granted the motion to withdraw

---

[1]
        As an initial matter, the undersigned notes that Counsel improperly combined two periods of representation of Defendant into a single voucher. Counsel is reminded that in the future, each individual representation (even if of a single Defendant) must be submitted on separate vouchers. As a courtesy to Counsel, the Court will consider each period of representation separately and allocate the maximum compensation amount to each period of representation.

on September 21, 2016 and appointed Counsel as CJA counsel to represent Defendant in this matter, two months after this case originally began.

On November 16, 2016, the grand jury returned a Superseding Indictment [DE # 46] against Defendant. In the Superseding Indictment, Defendant was again charged with importation of and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. § 952. Defendant was also charged in the Superseding Indictment with one count of conspiracy to import a controlled substance in violation of 21 U.S.C. § 963 and conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

The first trial against Defendant began on December 1, 2016. The trial lasted for nine days and ended in a mistrial on December 15, 2016. [See DE # 107]. The government elected to retry Defendant. The second trial began on February 7, 2017 and lasted five days. The jury found Defendant guilty on all four counts. [See DE # 156]. Defendant was sentenced on April 28, 2017. Defendant was sentenced to 36 months in prison with 3 years of supervised release. [See DE # 174].

**The Voucher Request Improperly Combines Two Periods of Representation**

In the instant voucher, Counsel seeks compensation for the period of representation from September 21, 2016 through April 28, 2017. Counsel seeks compensation for a period of 7 months. Counsel seeks a total of $58,012.73 in his application. As explained in footnote 1 above, Counsel combined the time and expenses he incurred in representing Defendant during the initial trial and the subsequent re-trial into one voucher. The Court will consider the voucher as presently submitted, however, instead of applying the $10,000.00 maximum

amount of compensation allowed for trial representation in non-capital felony cases under the CJA, the Court will multiply the compensation amount by two as Counsel's representation of Defendant during the initial trial and the re-trial are properly two separate representations for CJA purposes.  By combining the two amounts, Counsel's maximum compensation amount for the voucher is $20,000.00.

Counsel's combined voucher request for $58,012.73  greatly exceeds the combined maximum compensation of $20,000.00.  As a result, United States District Judge Patricia A. Seitz entered an Order of Reference **[DE # 187]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991).  In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section § 630.20 of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  The district court, as the body empowered to "fix" CJA appointed

-3-

counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). Before the recommended fee amount may exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation.   18 U.S.C. §3006A(d)(3); *see also* Section § 230.23.40(b) of the Guidelines. Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation. *See* Section § 230.2310(c)(3) of the Guidelines.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  *See* Section § 230.23.40(b) of the Guidelines.  A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Here, the applicable CJA maximum allowed compensation amount for non-capital trial proceedings in this case is $10,000.00.[2]  Counsel's fee request exceeds this maximum allowed compensation amount.   Consequently, before the Court can recommend the approval of the fee voucher request in the amount requested by Counsel, the Court must conclude that this case involve "extended" or "complex" representation, and that the amount requested is necessary to provide Counsel with fair compensation.

---

[2]   The case compensation maximum is $10,000.00 for cases where services were provided on or after January 1, 2016 (but before May 5, 2017).

Based upon the undersigned's review of the docket and the voucher submitted by Counsel, the undersigned concludes that counsel's representation of Defendant was indeed complex and there is a sufficient basis upon which to justify recommending that Counsel should be compensated in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Counsel's representation of Defendant in this case was complex.  Counsel was originally appointed to represent Defendant on October 4, 2016.  Counsel's representation of Defendant spanned 8 months.

This case involved two trials.  Counsel represented Defendant during a total of 14 days of trial - nine days for the first trial and five days during the retrial.  The first trial ended in a mistrial because the jury was unable to reach a unanimous verdict.

Counsel submitted a letter to the Court in support of his voucher request to exceed the standard case compensation maximum.  In the letter, Counsel explains that "the legal and factual issues in this case were complex.  This was not a typical airport drug courier case . . . . [T]wo weeks prior to the first trial, the grand jury returned a superseding indictment adding two conspiracy charges that covered a time period of over a year.  The government then produced at an unprecedented clip thousands of pages of airline records, bank account records, telephone toll records, Georgia department of labor records, and gigabytes worth of search warrant results from [Defendant's] phone."  (June 30, 2017 letter at 2).

Counsel continued: "In addition to the voluminous discovery, there was extensive litigation before and during each trial.  For example, during the first trial, the issue of whether the government violated Rule 16 in its failure to turn over [Defendant's] statements to law

enforcement required significant research." (June 30, 2017 letter at 2). Further, Counsel argues that "[s]entencing was equally as complex. In addition to filing PSI objections and a comprehensive sentencing memorandum, I coordinated the receipt and filing of letters of support and prepared witnesses to testify on [Defendant's] behalf. In sum, providing Ms. Barksdale effective assistance of counsel required more time, skill, and effort than the average CJA panel matter." (June 30, 2017 letter at 2).

Counsel's representation of Defendant in this case was complex because the legal and factual issues in the case were unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. It is clear to the undersigned that this case was complex because of the amount of discovery, the time required in its examination, the time spent by Counsel in *two trials*. As a result, the representation of Defendant in this case is properly considered complex. The undersigned must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the combined $20,000.00 statutory maximum.

### *Voucher Amount - The CJA Administrator's Review*[3]

### **In-Court Hours**

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the Court's review. Counsel requested compensation for a combined total of 85.80 in-court hours totaling $11,068.20. The CJA administrator made no changes to this requested amount.

---

[3] The undersigned defers to the CJA Administrator to verify all in-court hours and expense allowances.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for a total of 330.90 out-of-court hours for a total of $42,686.10. Counsel sought compensation for 75.60 hours for "Interviews and conferences" and 63.40 hours for "Obtaining and reviewing records." Counsel also sought 75.70 hours for "Legal research and brief writing" and 115.20 hours for "Investigative and Other Work." Counsel sought 1.0 hour for "Travel Time."

The CJA administrator reviewed the 330.90 out-of-court hours sought by Counsel and made some changes. The CJA administrator reduced the number of hours for "Interviews and conferences" from 75.60 to 75.40 hours. The CJA administrator also reduced the number of hours for "Legal research and brief writing" from 75.70 hours to 75.10 hours. Finally, the CJA administrator reduced the number of hours for Investigative and Other Work" from 115.20 to 109.40.

### Expenses

Counsel sought $128.00 for "Travel Expenses." The CJA administrator reduced the amount sought to $68.00. Counsel also sought $4,130.43 in "Other Expenses." The CJA administrator reduced this amount to $4,071.45.

### *Voucher Amount - The Undersigned's Review*

### In-Court Hours

Counsel requested compensation for 85.80 in-court hours totaling $11,068.20. The CJA administrator made no changes to this requested amount. I approve the amount of $11,068.20 as reasonable.

-7-

## Out-of-Court Hours

Counsel sought compensation for 330.90 out-of-court hours in this matter totaling $42,686.10. The CJA administrator reduced the total number of out-of-court hours sought by Counsel from 330.90 to 324.30, reducing the total sought to $41,834.70. Even the reduced amount is excessive and must be reduced further.[4]

In the voucher request, Counsel seeks compensation more than $53,000.00 in fees and more than $4,000.00 in costs during an eight month representation. Among the documentation provided by Counsel in support of his voucher, Counsel submitted hundreds of pages of billing records including receipts for thousands of dollars for electronic research and hundreds of dollars of land line and cellular telephone charges.[5]

The undersigned has reviewed every line and every page of Counsel's voucher request and determines that the amount requested by Counsel is excessive for an eight

---

4

In the June 30, 2017 letter from Counsel, he writes that "[u]nderstanding the limited resources of the CJA program, prior to submitting the eVoucher, I conducted a detailed review of my time records and reduced and removed from the eVoucher a significant amount of my work on the matter (i.e., approximately $25,000 in accrued fees)." Including these "reduced and removed" fees, Counsel maintains that he accrued over $75,000 in fees during a case where his involvement lasted only eight months.

5

In total, Counsel seeks $2,103.20 in fees for legal research. Included within the hundreds of pages of billing records Counsel submitted in support of his voucher request, Counsel included Westlaw subscription invoice summaries for his firm at large and research billing records for other lawyers in his firm (presumably on other matters). By submitting all of this extraneous information, the CJA administrator was forced to expend significant amounts of time wading through the morass of information provided by Counsel to ascertain what amount of legal research was properly attributed to the representation of Defendant. This was not helpful. Counsel is reminded that, in the future, supporting documentation should be limited to costs and fees incurred by Counsel alone (to the extent practicable).

-8-

month representation. The United States Court of Appeals for the Eleventh Circuit has made clear that when reviewing a voluminous fee application, such as the one submitted by Counsel, a court need not "engage in an hour-by-hour analysis. Rather, once the district court determines how many hours were actually devoted to the conduct of the federal litigation, it may then reduce that figure in gross if a review of the . . . fee request warrants such a reduction." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11ᵗʰ Cir. 1994).

Notwithstanding the flexibility allowed to the Court in *Loranger*, the undersigned carefully reviewed every entry in the voucher. The undersigned's review reveals that Counsel included several categories of entries that are not compensable under the CJA and as such, a reduction in gross is justified here. One such category included in the fee voucher request that should be eliminated (and which supports a gross reduction of the amount requested) are those entries for time spent by attorneys other than Counsel. These other attorneys were not appointed by the Court to represent Defendant. A sample of the entries are:

| 11/23/16 | Confer with Adam Schwartz regarding case and research findings. (This work was performed by Cara Grand an attorney at our firm, Florida Bar No. 123817). | 0.20 hours |
| 1/31/17 | Review transcript from first trial. (This work was performed by Cara Grand an attorney at our firm, Florida Bar No. 123817). | 3.20 hours |

The entries reflecting the work of other attorneys in this case total 42.8 hours. The Guidelines constrain Counsel from seeking compensation under the CJA for time spent by another attorney in this case, however. Guideline § 230.53 establishes the rules regarding "Compensation of Co-Counsel." In cases where the Court has not appointed an additional

attorney, Guideline § 230.53.10 provides:

### § 230.53.10 Without Separate Appointment

(a)   *Unless separately appointed* in accordance with § 230.53.20(b) or Guide, Vol.
      7A, § 620.10, co-counsel or associate attorneys may *not* be compensated
      under the CJA.

(b)   However, an appointed counsel may claim compensation for services furnished
      by a partner of associate, or, with prior authorization by the court, counsel who
      is not a partner or associate, *within the maximum compensation allowed* by the
      CJA, separately identifying the provider of each service.

(emphasis added).

Accordingly, all time listed in the voucher by attorneys other than Counsel must be

eliminated.  As a result, the undersigned recommends that 42.8 hours (a reduction of

$9,801.20) be eliminated from the voucher.

The second category of entries included in the voucher that should be eliminated and

which further justify a reduction in gross involve clerical tasks for which Counsel is also not

entitled to compensation under the Guidelines.  The Guidelines make clear that "[e]xcept in

extraordinary circumstances, whether work is performed by counsel or other personnel, the

following expenses associated with CJA representation are not reimbursable: personnel; rent;

telephone service; and secretarial."   Section § 230.66.10(b) of the Guidelines. The

Supplemental Instructions provided by the Court reinforces the Guidelines: "[c]lerical work

(copying, faxing, mailing, etc.) associated with CJA representation, whether work is

performed by counsel or other personnel, is not reimbursable."

Examples of these entries are:

| 10/20/16 | Locate subpoena form. | 0.3 hours |
| 11/17/16 | Finalize and *file* motion requesting order to have U.S. Marshals serve subpoena. | 0.50 hours |

-10-

| 1/23/17 | Finalize and file notice of expert witness. | 0.20 hours |
| 2/14/17 | Pick-up defense exhibits at courthouse. | 0.40 hours |

All entries reflecting time spent on clerical duties (and not attorney services), should be eliminated.

Moreover, a review of the voucher reflects that in certain instances, Counsel seeks reimbursement for an excessive number of hours spent on certain tasks. One example is the amount of time Counsel spent related to drafting, revising and filing subpoenas:

| 10/20/16 | Draft cover letter for trial court subpoenas.[6] | 0.40 hours |
| 10/20/16 | Draft certification form for business records to be subpoenaed. | 0.50 hours |
| 10/20/16 | Locate subpoena form. | 0.30 hours |
| 10/20/16 | Draft trial subpoenas. | 0.40 hours |
| 10/21/16 | Review and revise draft cover letter for subpoena. | 0.20 hours |
| 10/21/16 | Revise draft certification for subpoena. | 0.20 hours |
| 10/21/06 | Review and revise subpoena drafts.[7] | 0.20 hours |
| 10/25/16 | Prepare subpoena, cover letters and Certification forms. | 1.5 hours |
| 10/27/16 | Prepare trial subpoenas to be sent to BB&T, Bank of America, BestBank and Hotwire. | 0.40 hours |

---

6

This entry also appears to be a clerical task.

7

All of these entries from October 20, 2016 and October 21, 2017 were performed by Cara Grand, an associate at Counsel's firm. The undersigned has also addressed the impropriety of Counsel include Ms. Grand's time in the voucher request above.

-11-

| 11/16/16 | Research, draft, and revise motion to Request service by the U.S. Marshal for out of town witness. | 1.0 hour |
| 11/16/16 | Draft sealed *ex parte* motion directing U.S. Marshal to serve subpoena and pay witness expenses. | 1.0 hour |
| 11/16/16 | Draft proposed order on sealed ex parte motion. | 0.70 hours |
| 11/17/16 | Finalize and file motion[8] requesting order to have U.S. Marshals serve subpoena. | 0.50 hours |

These entries are a sample of the redundancy of efforts found throughout the voucher. Accordingly, the undersigned finds that it is appropriate to reduce the out-of-court hours sought by Counsel by 25% (resulting in an award of $31,376.02 for out-of-court hours). The undersigned finds that such a gross reduction will provide Counsel with just and fair compensation for the out-of-court hours expended in this case.

## Expenses

Counsel sought $128.00 for "Travel Expenses." The CJA administrator reduced the amount sought to $68.00. Counsel also sought $4,130.43 in "Other Expenses." The CJA administrator reduced this amount to $4,071.45. The undersigned concludes that the adjusted amounts for "Travel Expenses" ($68.00) and "Other Expenses" ($4,071.45) are reasonable.

---

[8]

The filing of pleadings is also a clerical matter for which compensation is not allowed.

## CONCLUSION

In making this recommendation, the undersigned draws upon his experience of having been in private practice for 37 years - a large portion of that time spent practicing criminal law - from which the undersigned has acquired expertise in calculating reasonable and necessary time expenditures.

Counsel should be commended for his professionalism and willingness to take this appointment. Notwithstanding this appreciation, some of the time incurred by Counsel is non-reimbursable under the rules established in the Guidelines and in the Supplemental Instructions which preclude the undersigned from awarding Counsel full compensation for all time incurred in this matter.

As the representation provided by Counsel to Defendant in this case was complex, the undersigned recommends that Counsel be reimbursed for an amount in excess of the statutory maximum of $20,000.00 in this case. Based upon the Court's review of the voucher, time sheets, Motion, docket and filings in this case, it is hereby RECOMMENDED that: Counsel be paid $46,583.67 as fair and final compensation for his work in this case.[9]

---

9

This total sum is based on an award of $11,068.20 for in-court hours (as requested by Counsel in the voucher), $31,376.02 in out-of-court hours (25% reduction of the CJA administrator's adjusted out-of-court hours figure of $41,834.70), $68.00 in Travel Expenses and $4,071.45 in Other Expenses (the amounts adjusted by the CJA administrator).

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this /8th day of October, 2017.

BARRY L. GARBER
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Adam L. Schwartz, Esq.
CJA administrator

-14-